# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Terry Hardage,<br><br>     Plaintiff,<br><br>v.<br><br>Lincoln Anderson, Frank Hardcastle, Rex Eskridge, Frank Medeasis, Jay Williams, and Bart File,<br><br>     Defendants. | Case No. 08-CIV-301-RAW |

## ORDER

Plaintiff filed this action on August 6, 2008 alleging violations of his civil rights. The Complaint alleges that Defendants Frank Medeasis and Jay Williams are "employed with Muskogee as City Attorneys." The Complaint further alleges that Defendant Bart File is a "legislative judge with the City of Muskogee."

### Judicial Immunity

The allegations against Defendant File are that he issued a warrant for Plaintiff's arrest for failure to appear. Plaintiff allegedly sent letters and attempted to telephone to request a telephone conference in order to present evidence. From the face of the Complaint, all actions alleged against Defendant File were in the performance of his judicial capacity.

The doctrine of judicial immunity protects a judge from liability arising from the judge's official acts "except where a judge has acted 'in the clear absence of all jurisdiction' ..." Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (quoting Stump v. Sparkman, 435

U.S. 349, 356-57 (1978). A judge is subject to civil liability only if he has acted in the clear absence of jurisdiction. Stump, 435 U.S. at 356. "Judges are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Id. Defendant File is, therefore, dismissed with prejudice from this action.

**Prosecutorial Immunity**

Plaintiff alleges that Defendants Medeasis and Williams attempted to convince Plaintiff to plead guilty to the charges against him. Plaintiff also allegedly sent letters and attempted to telephone to request a telephone conference in order to present evidence. From the face of the Complaint, all allegations against Defendants Medeasis and Williams were performed in their capacity as prosecutors and they are thus entitled to absolute immunity.

Prosecutors are entitled to absolute immunity for any activity "intimately associated with the judicial phase of the criminal process ...." Becker v. Kroll, 494 F.3d 904, 925 (10th Cir. 2007) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Additionally, the Tenth Circuit stated that "[t]he doctrine of judicial immunity applies not only to judges but also to any judicial officer who acts to either [1] resolve disputes between parties or ... [2] authoritatively adjudicate private rights." Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (quoting Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). "Absolute immunity bars suits for money damages for acts made

in the exercise of prosecutorial or judicial discretion." Mireles v. Waco, 502 U.S. 9, 13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

The activities alleged against Defendants Medeasis and Williams were clearly associated with the prosecution of these charges against Plaintiff. Defendants Medeasis and Williams are, therefore, dismissed with prejudice from these proceedings.

### *Sua Sponte* Dismissal

A court shall dismiss a case at any time if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a district court may dismiss a case *sua sponte* under Federal Rule Civil Procedure 12(b) "when it is patently obvious that the plaintiff could not prevail on the facts alleged." McKinney v. State of Okla., Dept. of Human Servs., Shawnee, OK, 925 F.2d 363, 365 (10th Cir. 1991). Plaintiff's claims against Defendants Frank Medeasis, Jay Williams, and Bart File are, therefore, dismissed.

## **Conclusion**

Plaintiff's claims against Defendants Frank Medeasis, Jay Williams, and Bart File are dismissed with prejudice.

Dated this 21st day of August, 2008.

**Dated this 21st Day of August 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma